Biondi LLC v Getchell (2024 NY Slip Op 51019(U))

[*1]

Biondi LLC v Getchell

2024 NY Slip Op 51019(U)

Decided on August 8, 2024

City Court Of Little Falls, Herkimer County

Bannister, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 8, 2024
City Court of Little Falls, Herkimer County

Biondi LLC, Claimant,

against
Gwyne D. Getchell, Defendant.

Index No. CC-000125-24/LF

Biondi LLC, Claimant, pro se
Gwyne D. Getchell, Defendant, pro se

Joshua P. Bannister, J.

Claimant Biondi LLC filed this commercial claim on May 13, 2024, seeking $2,800 in reimbursement for unpaid work done to the Defendant's dwelling. 
The matter proceeded to trial on June 27, 2025. The Claimant essentially testified that his company was hired to paint the Defendant's home and that the exact color of the paint was left to his discretion so long as the color was a shade of tan. After completing approximately half the work, he was instructed to stop work and now seeks reimbursement for the work performed. The testimony of the Defendant was essentially the same that she left the color to the Claimant's discretion but added that it should be "medium tan", "not light" and also "not dark".
The court's duty in a small claims case is to do substantial justice between the parties according to the rules of substantive law (UCCA § 1804). 
It has long been the law in New York that personal satisfaction is controlling with contracts "involving taste, fancy, interest, personal satisfaction, and judgment" (Crawford v. Mail and Express Pub. Co., 163 NY 404, 408 [1907]). The contract in this case expressly left the paint color to the contractor's discretion as long as it was in the tan family. 
This court has considered the credibility of the parties, reviewed the exhibits, and now finds that the new paint applied by the claimant is within the tan range of paint colors. 
Additionally, the court finds the defendant's testimony not credible regarding her satisfaction with color. While a landlord may be more concerned with the quality of work than the color of the paint, a reasonably prudent homeowner would personally pick out the color herself, have a small portion of the home painted, and then determine if she is still satisfied after the paint dried. It is clear from the Defendant's demeanor and testimony that the color was only important after she obtained the benefit of the services rendered.
With the issue of personal satisfaction resolved against the homeowner, the court must [*2]now determine the appropriate amount of damages for the breached contract. It is undisputed that the contract was for $2,800 and the contractor only completed approximately half the work. This court understands that the claimant-contractor had already given the homeowner-defendant a substantial discount. However, the court will not disrupt the contract the parties made at arm's length. This court finds that the proper measure for compensation for the work performed is one half the value of the contract which is $1,400. 
This court will also caution the claimant that he should review the General Business Law sections 771 through 773. This issue was not raised at trial, but if the claimant finds himself in this court again, this court may consider imposing sanctions for non-compliance with the General Business Law.
It is hereby ordered that the Claimant is entitled to judgment in the amount of $1,400 plus costs.
This constitutes the decision and order of the court.
DATED: August 8, 2024
HON. JOSHUA P. BANNISTER
LITTLE FALLS CITY COURT JUDGE